Herman Matthews, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Herman Matthews*, petitioner, for himself.

*Francine Ostrovsky*, Associate Counsel, with her, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL April 5, 1983:

Herman J. Matthews (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of a referee and denied him benefits under Section 404(d)(iii)[1] of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended*, 43 P.S. §804(d)(iii). The Board found Claimant was ineligible for benefits under §404(d)|iii) because that section requires that his United States Postal Service disability pension be deducted from his weekly unemployment compensation benefit rate. Since Claimant's weekly pension payment exceeded his weekly benefit rate,[2] the Board further held that Claimant's unemployment compensation benefits were completely offset.

In his petition for appeal and his pro se brief, Claimant contends that he is entitled to unemployment

---

[1] Section 404(d)(iii) provides in pertinent part:

[E]ach eligible employe . . . shall be paid . . . compensation in an amount equal to his weekly benefit rate less . . . (iii) an amount equal to the amount of a governmental or other pension. . . which is based on previous work of such individual. . . .

[2] The Board found Claimant's pension pro-rates to $172.00 per week, while his weekly benefit rate equals $162.00. Claimant's pension payment exceeds his weekly benefit rate by $10.00, thereby, completely offsetting his unemployment compensation benefits.

compensation benefits[3] because his disability retirement papers were in process before the effective date of the amendment to Sectioon 404(d), and that under the old law[4] his pension payments could not be used to reduce his unemployment compensation benefits. We disagree.

Although Claimant applied for his disability retirement pension on March 3, 1980, he was not unemployed at that time. Claimant's last day of work was September 9, 1980, and the first week for which Claimant filed a claim for unemployment compensation benefits was the week ending September 20, 1980. Section 404(d)(iii) provides in pertinent part that "each eligible employe who is *unemployed* with respect to any week ending subsequent to the first day of July, one thousand nine hundred eighty, shall be paid, with respect to such week. . . ." (Emphasis added). The revelant question is not when did Claimant apply for his disability pension, but rather when was Claimant unemployed? It is the date of unemployment that

---

[3] Claimant has not raised the issue of whether the Federal Unemployment Tax Act (FUTA), Title IX of the Social Security Act of 1935, Pub. L. No. 74-271, 49 Stat. 620 (1935), *as amended*, Pub. L. No. 96-364, 26 U.S.C. §3304(a)(15) pre-empts Section 404(d)(iii). We have, however, noted that FUTA does not pre-empt Section 404-(d)(iii) of the Pennsylvania Law. As Judge Williams wrote in *Novak v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 148, 457 A.2d 610 (1983), "[w]hile it is true that on a comparative basis the Pennsylvania law is broader in its pension offset provision than its federal counterpart, this does not necessarily mean that the two laws are in such conflict as to render the doctrine of pre-emption applicable."

[4] Prior law provided that an eligible employee shall receive: Compensation in an amount equal to his weekly benefit rate less the total of . . . (iii) that part of a retirement pension . . . received by him under a private pension plan to which a base-year employer of such employe has contributed which is in excess of forty dollars ($40) per week.

43 P.S. §804(d)(iii).

determines eligibility for unemployment compensation benefits. In this case, Claimant was not unemployed until September of 1980, after the effective date of the amendments to Section 404(d).

We note further that the amendments to the pension provisions of the Law were enacted on July 10, 1980, but are retroactive to claims beginning on or after March 31, 1980.[5] Clearly, Claimant's claim petition is governed by the amendments to Section 404(d), which provide for a dollar-for-dollar reduction of his weekly benefit rate, by any pensions he is receiving which are based on previous employment. His eligibility and his claim for unemployment compensation benefits did not arise until his unemployment in September of 1980, over five months after the effective date of the amendments. Accordingly, we enter the following order.

ORDER

It is ordered that the order of the Unemployment Compensation Board, numbered B-194703 and dated April 27, 1981, is hereby affirmed.

Judge DOYLE dissents.

---

[5] Although Section 404(d)(iii), 43 P.S. §804(d)(iii) states that the effective date of that section is July 1, 1980, Section 23(3) of Act 108, Act 1980-108, HB 1673, §23(3), provides otherwise. Section 23(3) states that "[t]he amendments to Section 404(d) shall take effect immediately and shall be retroactive for claim weeks beginning on or after March 31, 1980."